UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CASA MADRONA HOTEL AND SPA, LLC,<br><br>　　　　Defendant. | Case No. 21-cv-00629-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 9 |

　　　　Plaintiff Brian Whitaker has sued Defendant Casa Madrona Hotel & Spa (the "Hotel") for violations of the federal Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act. The main issue is whether the Hotel has violated an ADA regulation, 28 C.F.R. § 36.302(e)(1)(ii) which provides in relevant part that

> [a] public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –
>
> . . . .
>
> (ii)　　[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.

28 C.F.R. § 36.302(e)(1)(ii).

　　　　Having considered the parties' briefs and accompanying submissions,[1] as well as the oral

---

[1] The Court takes into consideration the supplemental request for judicial notice that the Hotel filed on the day of the hearing. Although the Court takes this filing into account, it does not

argument of defense counsel,[2] the Court hereby **DENIES** the motion.

Mr. Whitaker "need only 'plausibly suggest an entitlement to relief.'" *Starr v. Baca*, 652 F.3d 1202, 1217 (9th Cir. 2011). Here, it is plausible that a reasonable jury could find in Mr. Whitaker's favor because, *e.g.*, accessibility information on the Hotel's website is not always easily locatable (for instance, some information is not provided until after a user takes steps to book a room and even then the link to the information is not conspicuous); accessibility information on some parts of the website is fairly conclusory (for instance, simply stating "ADA Accessible"); and accessibility information on other parts of the website, including on the pages that describe the ADA guest rooms, is spare (for instance, referring to a bathtub and grab bars in the bathroom). The conclusory nature and somewhat disorganized nature of the accessibility information here stands in contrast to that provided by the defendant hotel in *Love v. Ashford San Francisco II LP*, No. C-20-8458 EMC (N.D. Cal.), which this Court recently decided.

This is not to say that the Court is finding, as a matter of law, that the Hotel has violated the ADA regulation above. Indeed, the Hotel has a fair argument that, based on the undisputed evidence about the website, a reasonable jury could well find in its favor taking into account, *e.g.*, information on the website about renovations in 2003 and 2014 (*i.e.*, after the 1991 Standards were put in place), statements on the website about general ADA accessibility, photographs posted on the website, and statements on the website such as the following: "All ADA guest rooms are available to book on-line, subject to availability. If you are unable to book on-line or have additional questions about our ADA guest rooms and features, please don't hesitate to call (415) 332-0502 or email info@casamadrona.com."

But at this juncture, plausibility is all that is required of Mr. Whitaker. *Cf. Forte v. Direct Energy Servs.*, No. 6:17-CV-264 (FJS/ATB), 2017 U.S. Dist. LEXIS 128566, at *19 (N.D.N.Y.

---

approve of this practice (given that the filing could easily have been provided in support of the opening brief) and advises the Hotel and defense counsel that, in the future, they run the risk that a late filing will be stricken from the record.

[2] Mr. Whitaker's counsel did not appear at the hearing. Post-hearing, counsel communicated to the Courtroom Deputy that the failure to appear was the result of a mistake. Counsel is advised that, in the future, it runs the risk that the opposing party's motion will be granted if counsel fails to appear and oppose (notwithstanding the filing of an opposition brief).

United States District Court
Northern District of California

Aug. 14, 2017) ("At [the 12(b)(6)] stage in the litigation, affording all reasonable inferences in Plaintiff's favor, it is plausible that a reasonable jury could find that Defendant's disclosure in its Terms and Conditions fails to be conspicuous.").

This order disposes of Docket No. 9.

**IT IS SO ORDERED**.

Dated: April 26, 2021

_____
EDWARD M. CHEN
United States District Judge